HAYS *et al. v.* WORSHAM *et al.*

SALE OF LAND. *Parol. Election by purchaser.* A tract of land having
been sold, under an administrator's bill, to pay debts subject to
redemption, one of the heirs, for himself and as agent of the other
heirs, made a parol sale of a part of the land to a third person for
more than the amount bid at the judicial sale, and the purchaser
paid the bidder his debt, and took an assignment of his interest for
the benefit of the heirs, and was put in possession of the land by the
heirs under the parol contract, but afterwards, and after the time of
redemption had expired, set up title to the whole tract under the as-
signment. *Held,* upon bill filed by the heirs, that the parol sale
was void at the election of the purchaser, but that the heirs were en-
titled to recover possession of the land and to have an account as
upon recission, or as between mortgagors and mortgagees, unless the
purchaser, under the offer of the bill, elected to take the land upon
the terms of the parol contract, in which event the decree would be
for the specific enforcement of the contract.

FROM GREENE.

Appeal from the Chancery Court at Greeneville.
H. C. SMITH, Ch.

R. M. McKEE for complainants.

H. H. INGERSOLL for defendants.

COOPER, J., delivered the opinion of the court.

The four complainants are the children and heirs of
George Hays, deceased, one of them, Wm. A. Hays,
being the administrator of his father's estate. They
inherited from their father, and lived upon a tract of
land of four hundred· and eighty acres. Under a bill

filed by the administrator, one hundred and fifty acres. of the west end of this tract was sold for the purpose of paying debts of the estate, and David Sevier became the purchaser at $350. The sale was confirmed by the court in February 1877, and title vested in him, subject to the right of the heirs to redeem. The heirs were in possession, the complainant, Wm. A. Hays, living on the one hundred and fifty acres. In this situation of affairs, in February, 1878, Wm. A. Hays, acting for himself and the other heirs, made a parol sale of one hundred acres of the one hundred and fifty to the defendant, A. R. Worsham, for $600; the said Worsham, who then lived in Virginia, expecting to sell his farm in that State, and remove to the place thus bought. Between that time, and the month of October, he wrote several letters to Wm. A. Hays expressing his determination to carry out the contract, and explaining his delay in doing so by the difficulty of disposing of his property in Virginia. In the month of September, about the 25th of that month, Worsham came to Tennessee, and stopped at the house of David Sevier, which was on the way to the Hays place, and paid Sevier the amount of his bid on the land with interest, taking an assignment of Sevier's certificate of purchase. On October 23, 1878, he moved his family into the house on the tract of one hundred and fifty acres, Hays moving out to give him possession. Worsham says he took possession as the assignee of Sevier, claiming the whole one hundred and fifty acres. Hays says that he took possession under the verbal purchase. Certain it is, that he afterwards set up a claim to the

Hays *v.* Worsham.

whole one hundred and fifty acres. This bill was filed September 16, 1879, by the heirs against Worsham and Sevier, for relief upon the foregoing facts. The chancellor granted relief and Worsham appealed.

The defense of Worsham, made first by demurrer and afterwards by answer, was that the parol sale, the terms of which he admits, was void by the statute of frauds. He says he did agree to buy the one hundred acres at $600, and that they were definitely designated. But he relies expressly in his answer upon the statute of frauds, and under the recent decisions of this court the contract is void, and cannot be enforced, although he may have made the payment to Sevier and gone into possession under it, and although the complainants may be ready and willing to make title in accordance with its terms: *Biggs* v. *Johnson,* cited in *Winters* v. *Elliott,* 1 Lea, 676. The earlier, and I am myself inclined to think the better rulings were different: *Sneed* v. *Bradley,* 4 Sneed, 301; *Hilton* v. *Duncan,* 1 Cold., 314; *Bloomstein* v. *Clees,* 3 Tenn. Ch., 439, and cases cited.

Conceding that the complainants were entitled to relief upon the contract of parol purchase, have they any ground of equity upon the facts stated in the pleadings, and established by the proof? At the time of the filing of the bill the legal title to the land was in Sevier, the defendant, Worsham, having only a certificate of sale, by virtue of which, the sale having been confirmed, the legal title might be procured through the court or from Sevier. The proof shows that the defendant, Worsham, afterwards, pending the suit, pro-

38—VOL. 9.

cured a deed from the clerk, but it does not appear
that there was any order of court authorizing the clerk
to make it. If, then, the defendant, Worsham, went
into possession under his verbal purchase, as we think
the proof shows he did, the complainants would be
entitled to recover possession, subject to the usual ac-
count upon the election of either party to treat the
sale as void.

The complainants are also entitled to relief upon
another ground, reaching substantially the same result.
Shortly after Worsham had made the verbal contract
of purchase, he wrote a letter from his home in Vir-
hinia, to David Sevier, which gives us a clue to his
subsequent contract. He writes, under date of Feb-
ruary 18, 1878 : "I take this method to inform you
that I have bought one hundred acres of land of
Wm. A. Hays, of Greene county, Tennessee. He told
me that you had a lien on the land of about $300.
I want you to write to me all about it, as I am
going to try to pay all the money down, which is
$600. When I go down to pay him the money, I
am coming past your house to see you, and lift your
lien, so I won't have any trouble over it.". It ap-
pears in the testimony, that Worsham entertained a
fear, which seems to have had some foundation, that
if the purchase money was paid directly to Hays, the
latter would use it otherwise than in lifting the liens
on the land bought, and he intended to be secure in
this regard. Sevier testifies that when Worsham came
to his house he expressed some such fear, and after
he received the assignment of Sevier's bid he said he

would now make him do right. Sevier further testifies that it was upon the representations contained in Worsham's letter that he proposed to assign to him his bid. Worsham himself testifies that he entered into the contract of purchase in good faith, and it is very obvious that he made the payment to Sevier in pursuance of that contract in order to secure the application of the purchase money to the satisfaction of liens existing on the land. With the same object, after he went into possession of the land, he paid to one Crawford, who had, as he was informed, a debt against complainant's father, which was a lien on the land, $86.50. He obtained and took possession of the land under his purchase, and the use made by him of the assignment of Sevier's bid to set up another title was manifestly an after-thought. It does not appear, except from his own testimony, that he notified Hays of his change of purpose until after the time of redemption had run. The payment to Crawford was made on the 7th of December, 1878, and the time of redemption ran out on the 9th of February, 1879. Under these circumstances, we are of opinion that at the time that Worsham took an assignment of the interest of Sevier in the land, he did so not as a purchaser, but for the benefit of the heirs of the estate, and that he would hold the interest thus acquired as a security for the money paid. The subsequent payment to Crawford would stand on the same footing. It would operate as a fraud upon the heirs, to permit him to change his ground after the time for redemption had expired: *Haywood* v. *Ensley*, 8 Hum.,

460; *Gwinn* v. *Locke*, 1 Head, 113; *Martin* v. *Lincoln*, 4 Lea, 344. In this aspect of the case, the account would be on the basis of mortgagors and mortgagee.

The complainants have, by their bill, tendered a performance of the contract of sale, and the defendant, Worsham may, if he now elect to do so, have a specific execution of the parol contract of sale, in which event the chancellor's decree will be affirmed with costs. Otherwise, the complainants may elect to take a decree on either of the other grounds. Worsham will pay the entire costs of the cause in this court and the court below.